UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS, | |
| Plaintiff, | Case No. 1:25-CV-00275-DCN |
| v. | **INITIAL REVIEW ORDER** |
| ATTORNEY GENERAL STATE OF IDAHO; STATE OF IDAHO; | **BY SCREENING JUDGE** |
| Defendants. | |

Plaintiff Steven L. Harris ("Plaintiff") filed an in forma pauperis prisoner complaint that is subject to screening. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint, the Court issues the following Order dismissing the Complaint.

**REVIEW OF COMPLAINT**

**1. Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to

INITIAL REVIEW ORDER - 1

draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2. Discussion of Claims

Plaintiff's claims in this civil rights action arise from an ongoing habeas corpus case, Case No. 1:24-cv-00433-REP, *Harris v. Ross* (Case 433). In that case, the State filed a motion for summary dismissal, and then Plaintiff requested copies of transcripts and other materials from his state criminal case. *See* Case 433, Dkts. 12, 17. LaMont Anderson, the Idaho deputy attorney general who is representing the State of Idaho, and who is a defendant here, responded that the request for copies was premature, because procedural default issues must be decided first, and the documents requested were not relevant to these

threshold issues. Case 433, Dkt. 20. Judge Raymond Patricco has not issued an order on

Plaintiff's request.

Plaintiff next filed a motion for summary judgment on the merits of his claims. Case

433, Dkt. 21. The State did not respond to the motion, and so Plaintiff filed a "motion for

answer on summary judgment." Case 433, Dkt. 23. Judge Patricco has not yet ruled on

these motions. This Court notes the Initial Review Order entered in that order provides:

> The parties may, but need not, file the following in this matter:
> (1) notices of nonobjections to motions to which they do not
> object; (2) responses to motions for appointment of counsel;
> (3) responses to motions that are meritless, frivolous, or filed
> in contravention of this Order; or (4) notices of intent not to
> file a reply. If additional briefing is required on any issue, the
> Court will order it.

Case 433, Dkt. 8 at 13.

Judge Patricco presides over Case 433 with the consent of the parties (Dkt. 7) and

is free to rule in any manner in accordance with the law and the circumstances of Plaintiff's

habeas corpus case. Generally, habeas corpus cases proceed with procedural threshold

issues first, and then the merits, because procedural motions, if granted, make it

unnecessary to address the merits. In fact, the standard Initial Review Order in Case 433

provides that "Respondent shall have the option of filing either of the following: (1) a

motion for summary dismissal or partial summary dismissal on procedural grounds (which

may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on

the claims that were adjudicated on the merits by the Idaho Supreme Court, that also

includes a brief summary (between one paragraph and several pages) of any procedural

defenses for any claims (which may be argued in the alternative)." *Id*. at 12.

INITIAL REVIEW ORDER - 3

### A.  Claims against Attorney General

Three reasons prevent Plaintiff from proceeding against LaMont Anderson here.

First, he has not stated facts that support any federal claim. Plaintiff asserts in this civil rights case that the Idaho Attorney General has a custom or policy of refusing to answer § 1983 civil rights complaints, denying receipt of litigation documents, and refusing to provide an indigent prisoner with copies of transcripts or exhibits during litigation—all in violation of Plaintiff's Fourteenth Amendment due process and equal protection rights and First Amendment right to access the courts and be free from retaliation for exercising free speech.  But Plaintiff's motion for summary judgment in Case 433 is not a civil rights case. There are no allegations showing a widespread policy, that Anderson's actions are anything other than regular litigation tactics, that Plaintiff has a due process right to responses in the habeas corpus case, that Plaintiff was treated differently from any similarly-situated litigant, or that Anderson's non-responses denied him access to the courts.

Second, on the basis of principles of comity (meaning respect for the authority of another court), a court generally will not interfere with adjudication of the same claim in another court to avoid inconsistent results. Where a parallel action is pending in another court, principles of sound judicial administration may prompt a district court to decline jurisdiction. *See e.g., Church of Scientology v. United States Dept. of the Army*, 611 F.2d 738, 749 (9th Cir. 1979), *overruled on FOIA grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin*., 836 F.3d 987 (9th Cir. 2016), (federal court may decline judgment on issue properly before another district court). The Ninth Circuit employs a "first-to-file"

INITIAL REVIEW ORDER - 4

rule to implement the principle: district courts have discretion to transfer, stay, or dismiss an action if the same parties and issues are already at issue in a proceeding before another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Here, the federal habeas action was filed first, and it is ongoing. A decision in this case would not serve comity and may be inconsistent.

Third, Anderson is entitled to quasi-judicial immunity. In *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit extended quasi-judicial immunity for attorneys general for conduct related to their state litigation duties in defending state actors in civil suits. Plaintiff complains only of actions the attorney general took in the performance of an integral part of habeas corpus proceedings; these actions meet the function test for quasi-judicial immunity. *See, e.g., Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

## B.  Claims against the State of Idaho

Three reasons prevent Plaintiff from proceeding against the State of Idaho. He alleges that the Idaho state courts do not accept § 1983 civil rights actions, noting that all other state courts do.

First, Plaintiff provides insufficient facts to support a federal claim. The Idaho state district courts have concurrent jurisdiction over civil rights actions arising under 42 U.S.C. § 1983. *Dana, Larson, Roubal and Assoc. v. Board of Com'rs of Canyon County*, 124 Idaho 794, 864 P.2d 632 (Idaho Ct. App. 1993).  This Court is unaware of any Idaho state district

court refusing to accept and adjudicate properly-filed civil rights actions, and Plaintiff has not provided specific litigant or case information to support his claim.

Second, a plaintiff may not sue the State of Idaho or the Idaho state courts in federal court because such claims are barred by the Eleventh Amendment. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means a state or a state court cannot be sued in federal court except in two instances: (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The State of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff may not proceed against the state or the state courts.

Third, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state and a state entity are not considered "persons" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 3. Conclusion

Plaintiff has stated no claim upon which he can proceed. The Court concludes that amendment in this case would be futile and a waste of judicial resources for the reasons

stated above. Accordingly, this case will be dismissed for failure to state a claim upon which relief can be granted.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 3) is DISMISSED for failure to state a claim upon which relief can be granted.

DATED: September 17, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 7